SPARR CONSTRUCTION COMPANY v. DEARBORN
HEIGHTS BUILDING AUTHORITY.

1. Judgment—Summary Judgment—Interpleader—Issue of Fact
—Claimant Surety Under Performance Bond.

Summary judgment in favor of plaintiff contractor for balance
due under contract for architectural services rendered defendant
building owner *held*, error, where defendant surety company on
performance and payment bonds, as claimant under building
owner's interpleader, had placed in issue plaintiff's default
in performance of contract, and, under the contract, defend-
ant surety would be entitled to proceeds if it were shown
plaintiff had defaulted.

2. Interpleader—Discharge of Interpleading Party.

Defendant building owner, who had counterclaimed in inter-
pleader admitting indebtedness in a certain amount, was
entitled to pay that amount into court and be discharged
from obligation, there being no dispute by interpleaded
claimants as to amount due.

Appeal from Wayne; Swainson (John B.), J.
Submitted Division 1 March 8, 1966, at Detroit.
(Docket No. 1,106.)   Decided September 13, 1966.

Complaint by Sparr Construction Company, a
Michigan corporation, and Gerald J. Sparr against
the City of Dearborn Heights Building Authority,
Edwin Dodson, and the Maryland Casualty Com-
pany, a Maryland corporation, for money alleged

References for Points in Headnotes
[1] 41 Am Jur, Pleading § 342.
[2] 30 Am Jur, Interpleader §§ 7, 26.

to be due on a construction contract. Counterclaim
for interpleader by Building Authority and cross-
complaint by Maryland Casualty Company for
money due on contract. Summary judgment for
Sparr. Defendant Casualty Company appeals. Re-
versed, and remanded for trial between Sparr and
Casualty Company, and entry of order discharging
Building Authority upon payment of amount due
on contract into court.

*Leib & Leib,* for plaintiff.

*Ripple, Chambers & DeWitt,* for defendant Mary-
land Casualty Company.

T. G. KAVANAGH, J. Although the late Judge
WATTS heard oral arguments on this case, his death
occurred prior to preparation of the final opinion.

The City of Dearborn Heights Building Author-
ity, entered into a contract with the plaintiff, Sparr
Construction Company, for the completion of the
architectural trades contract for two library build-
ings for $162,255.

Under the contract Sparr was required to furnish
a performance bond and a payment bond. Sparr
obtained these bonds from Maryland Casualty Com-
pany. After Sparr completed the building, it de-
manded payment. On Dearborn's refusal to pay,
Sparr brought this action to recover the balance
of $8,252.69 due on the contract.

Sparr claimed Dearborn owed it the money.
Dearborn answered admitting it owed somebody
the money but that Maryland also claimed it and
Dearborn accordingly filed a counter complaint for
interpleader asking to pay the money into court.
Maryland's answer set up that it was or might be
liable to claims by Sparr's subcontractors and mate-

rialmen, and it filed a cross-complaint asking for the money due.

The basis for Maryland's demand is the agreement on the part of Sparr contained in the application for the bonds that would effect an assignment of all of Sparr's rights under the construction contract in the event Sparr defaulted giving rise to claims against Maryland.

Sparr's motion for summary judgment was granted ordering Dearborn to issue seven individual checks, totaling $8,252.69, to plaintiff Sparr, each check to have added as payee thereon the contractors listed in the summary judgment, in the amount listed.

Maryland appeals asserting that if anyone should have a summary judgment it should be Maryland. While we are unwilling to go that far we do hold that the trial court erred in granting Sparr's motion for summary judgment. By so doing, the trial court precluded Maryland from establishing Sparr's default which would entitle Maryland to the proceeds of the Dearborn contract under Sparr's agreement with Maryland. This could be established only by a trial of the factual issues.

If upon a hearing on the merits Maryland proves that Sparr did in fact default, the assignment provision should control. On receipt of the amount due under the Dearborn contract, Maryland could then exercise its right to determine the validity of the various claims made against it by the subcontractors.

However, the determination of this question is for the trial court. The sum due on the contract cannot be rightfully awarded to Sparr or to Maryland until this question is resolved.

The City of Dearborn Heights Building Authority, in their counter complaint for interpleader, prayed that they be given leave to pay the balance

due under the contract into court and that they be discharged from all liability to Sparr and Maryland. This they should have been permitted to do. The amount due on the Dearborn contract is not in dispute. Dearborn, Sparr, and Maryland all agree that the amount due on the Dearborn contract is $8,252.69.* The actual dispute is between Sparr and Maryland as to who has prior right to the sum.

The summary judgment is set aside, the cause remanded for trial, and we also direct that an order discharging the City of Dearborn Heights Building Authority be entered and that they be granted leave to pay the $8,252.69 into court to await litigation of the aforementioned questions.

Maryland may tax costs.

LESINSKI, P. J., concurred.

---

. * There appears to be a discrepancy of $50.81 between the agreed amount due on the contract and the total of the claims allowed.